**In re The FROST NATIONAL BANK, N.A., Relator.**

**No. 05–10–01097–CV.**

Court of Appeals of Texas, Dallas.

Sept. 22, 2010.

James W. Walker, Daniel Lee Gus, Walker Sewell, LLP, Dallas, TX, Michael D. Warner, Emily S. Chou, Cole, Schotz, Meisel, Foreman & Leonard, P.A., Fort Worth, TX, for Relator.

Robert A. Simon, Henry W. Simon, Jr., Barlow Garsek & Simon, LLP, Fort Worth, TX, for Real Party in Interest.

Before Justices MOSELEY, LANG, and MYERS.

**OPINION**

Opinion by Justice MOSELEY.

Relator filed this mandamus proceeding after the trial court orally granted real party in interest's motion to reconsider prior judges' rulings on the parties' respective motions as to the right to a jury trial. We conclude the trial court abused its discretion in finding that a jury waiver contained in a contract between the parties was not applicable. We therefore conditionally grant the petition for writ of mandamus.

To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). This Court has previously found, based on *Prudential,* that there is no adequate remedy at law when a trial court fails to enforce a valid jury waiver. *See In re C–Span Entertainment, Inc.,* 162 S.W.3d 422, 425 (Tex.App.-Dallas

2005, orig. proceeding). Accordingly, the only issue we must address is whether the trial court abused its discretion in finding the jury waiver inapplicable to this case. We conclude that it did.

In 2004, relator lent money to two limited partnerships for commercial real estate projects. Real party in interest was the principal of both limited partnerships and the guarantor on both loans. One of the documents for each loan is entitled, "Arbitration and Notice of Final Agreement." That document provides, under the heading "Arbitration," that either party may choose to arbitrate any claim or controversy. In a different section of the agreement, under the heading "Waiver of Right to Trial by Jury," the document provides, in all caps:

> The parties to this agreement hereby waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other to enforce this agreement, or which in any other way arise out of, are connected to or are related to this agreement or the subject matter of this agreement. Any such action shall be tried by the judge without a jury.

Real party in interest signed this document with respect to both loans, both on behalf of the limited partnership and as "other obligor."

After the limited partnerships allegedly defaulted, relator sued real party in interest under the guaranties. Real party in interest requested a jury trial, and relator objected based on the above waiver language. Real party argued, and the trial court agreed, that the waiver only applied to the arbitration agreement and not to the underlying loans. We disagree.

■ On its face, the waiver applies to any action "to enforce this agreement, or which ... [is] related to this agreement or the subject matter of this agreement."

The subject matter of the "Arbitration and Notice of Final Agreement" is the underlying loan transaction. This action, to enforce a guaranty of the loan, is clearly related to that subject matter, and it was an abuse of discretion for the trial court to rule otherwise.

Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate the portion of its June 25, 2010 ruling setting this case for a jury trial and to enter an order denying defendant's amended motion to reconsider prior judges' rulings on the parties' respective motions as to the right to a jury trial.